IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Craig King*
Case No. 3:19-cr-00026-TMB-DMS-5

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter is before the Court on Defendant Craig King's Motion to Revoke Order of Detention (the "Motion").[1] In his Motion, King requests that this Court "revoke the Magistrate's Order of Detention and direct the magistrate to determine conditions of release for [King] under the Bail Reform Act."[2] The United States opposes the Motion.[3] Oral argument was held on November 4, 2019. At oral argument, King requested that the Court vacate the Magistrate Judge's prior detention order[4] and direct the Magistrate Judge to hold a rehearing on the issue of bail. The matter is now ripe for resolution.

In support of his Motion, King argues that the detention order inaccurately reflects King's criminal history and that the United States has failed to prove dangerousness.[5] King also alleges that there was an *ex parte* communication between the United States and the Magistrate Judge during a detention hearing on May 13, 2019.[6] King cites a case that suggests such *ex parte* communications are improper.[7] In Response, the United States argues that King's motion is untimely, that King's allegations that the Magistrate Judge inaccurately interpreted King's criminal history was incorrect, that no improper *ex parte* communications occurred, and that on the proffered evidence, King presents a flight risk and a danger to the public.[8]

As a threshold matter, the Court exercises its discretion to entertain the Motion despite its being untimely.[9] Turning to the allegations of *ex parte* communications, the Court has carefully reviewed the audio recording of the May 13, 2019 hearing cited by King, as well as the audio recordings of King's two other bail review hearings. At no point in the audio recordings of those three hearings was there a break in proceedings or *ex parte* communications between the United States and the Magistrate Judge. After the November 4, 2019 oral argument, Defense Counsel also investigated

---

[1] Dkt. 288 (Motion).
[2] *Id.* at 10.
[3] Dkt. 293 (Response in Opposition).
[4] Dkt. 39 (Detention Order).
[5] Dkt 288 at 3–7.
[6] *Id.* at 7–9. *See* Dkt. 123 (Minute Entry for Bail Review Hearing).
[7] Dkt. 288 at 9 (citing *United States v. Abuhamra*, 389 F.3d 309, 332 (2d Cir. 2004)).
[8] Dkt. 293 at 5–11.
[9] *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991) (holding "that the district court had the jurisdiction to reopen the bail issue on its own motion.").

1

the merit of their allegations.[10] On Defense Counsel's own review of audio recorded proceedings before the Magistrate Judge, they found that no *ex parte* information was shared with the Magistrate Judge during King's previous bail hearings.[11] Defense Counsel now withdraw their unsupported representations to the Court and strike the allegations of *ex parte* communications from King's underlying Motion.[12]

In considering the merits of King's claim that detention is inappropriate in his case, the Court applies a *de novo* standard of review of the Magistrate Judge's detention order under 18 U.S.C. § 3145(b).[13] Title 18 U.S.C. § 3142(f) provides that the judicial officer must hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of any other person and the community.[14] To make its finding, the Court considers the factors listed in § 3142(g), including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristic of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Here, the Court finds by a preponderance of the evidence on the record that King poses a flight risk. First, King is charged with most serious offenses: VICAR conspiracy, VICAR kidnapping, VICAR assault, and VICAR murder.[15] He faces a sentence of life in prison.[16] Second, the evidence weighs against King. The United States has proffered evidence it plans to bring against King including witnesses who will testify he participated in the conspiracy against the victim and corroborating cell phone data and records. Third, while King proffers family ties to the community but King's personal history shows that he is a risk of flight. He has failed to appear for court proceedings multiple times, even in misdemeanor cases where the stakes were much lower than those he currently faces.[17] On other occasions, King has failed to obey court-imposed restrictions. Considering these § 3142(g) factors—particularly, the first, second, and third factors—the Court finds "no condition or combination of conditions will reasonably assure the appearance of" King if he is released.

The Court has also reviewed the record for evidence to support detaining King as a danger to the community under § 3142(f). "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."[18] In light of the circumstances, evidence of the crimes charged, and evidence of King's affiliation with the Hells Angels, King presents at least some danger to the community. However, based on the record before the Court, the United States has not yet established the danger by a clear and

---

[10] Dkt. 301 at 1–2 (Errata).
[11] *Id.*
[12] *Id.*
[13] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).
[14] 18 U.S.C. § 3142(f)(1).
[15] Dkt. 2 at 2–11.
[16] 18 U.S.C. §§ 1201 and 1959.
[17] Dkt. 293 at 10–11.
[18] 18 U.S.C. § 3142(f)(2)(B).

convincing standard and the United States did not proffer any additional evidence at oral argument. Nonetheless, the Court finds that King poses a sufficient flight risk to justify detention.

Accordingly, King's Motion at Docket 288 is **DENIED**. King has moved for bail review on three previous occasions[19] If he moves for another bail review, King should be prepared to present new evidence or a change in his circumstances.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 14, 2019.

---

[19] *See* Dkt. 203.