# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CRAIG KING, a/k/a "Oakie",<br><br>　　　　Defendant. | Case 3:19-cr-00026-5-TMB-DMS<br><br>**FINAL REPORT & RECOMMENDATION[1] TO DENY MOTION TO DISMISS FOR LACK OF JURISDICTION [Doc. 325]** |

## I. INTRODUCTION

Defendant Craig King has moved to dismiss four counts of the criminal indictment against him for lack of jurisdiction (Doc. 325). Mr. King is charged with four counts of Violent Crimes in Aid of Racketeering (VICAR) under 18 U.S.C. section 1959(a) and one count of kidnapping under 18 U.S.C. section 1201(a)(1) (Doc. 2). He seeks dismissal of the VICAR counts (Doc. 326 at 10).

Mr. King claims dismissal is required for two reasons: (1) "[n]one of the statements provided in discovery indicate that Craig King is, was, or ever has been a member of the 1488's as directly alleged in the indictment"; and (2) at a November 4, 2019 detention hearing AUSA Klugman twice stated, "to be clear, we are not

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

*United States v. King*
3:19-cr-00026-TMB-DMS-5
Final R&R re: Motion to Dismiss　　　　　　　　1
Case 3:19-cr-00026-TMB　　Document 333　　Filed 01/10/20　　Page 1 of 9

alleging that Mr. King is a member of the 1488's" (Doc. 326 at 3). An essential element of all violent crimes in aid of racketeering under section 1959 subsection (a) is that the act must have been committed "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). Mr. King claims that because "it is undisputed that King is not affiliated with the 1488s," the indictment does not allege an offense and this Court lacks jurisdiction under 18 U.S.C. section 3231.

The government responded in opposition, arguing the Court does indeed have jurisdiction and the indictment is facially sufficient to state an offense (Doc. 327).

The defendant's motion is now ripe for consideration. For the following reasons, this Court recommends the District Court DENY the motion.

## II. APPLICABLE LAW

Title 18 of the United States Code section 3231 gives U.S. District Courts original jurisdiction of all offenses against the laws of the United States. A defendant may move pretrial for dismissal of an indictment that fails to state an offense. Fed. R. Crim. Pro. 12(b)(3)(B)(v). An indictment which fails to allege all the elements of an offense does not state an offense and must be dismissed. *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998); *United States v. Du Bo*, 186 F.3d 1177, 1179-80 (9th Cir. 1999).

In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). A court should not consider

*United States v. King*
3:19-cr-00026-TMB-DMS-5
Final R&R re: Motion to Dismiss  2
Case 3:19-cr-00026-TMB   Document 333   Filed 01/10/20   Page 2 of 9

evidence not appearing on the face of the indictment. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence"); *see also United States v. Sampson*, 371 U.S. 75, 78-79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense"). Although a court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not "invade the province of the ultimate finder of fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

### III. DISCUSSION

Mr. King's motion requests dismissal of the four VICAR counts charged against him based upon what Mr. King claims is this Court's lack of jurisdiction. This claim is rooted in King's belief that the government has failed to allege an essential element of an offense under the VICAR Act. For the following reasons, however, the Court concludes that it does indeed possess jurisdiction and Mr. King's motion must fail.

First, King cannot show that the indictment fails to state an offense under section 1959(a). King's motion argues forcefully that the government has failed to allege the "purpose" element of section 1959(a). In order for an act to constitute a violent crime in aid of racketeering under section 1959(a), the act must be committed "for the purpose of gaining entrance to or maintaining or increasing

*United States v. King*
3:19-cr-00026-TMB-DMS-5
Final R&R re: Motion to Dismiss 3
Case 3:19-cr-00026-TMB   Document 333   Filed 01/10/20   Page 3 of 9

position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). But, this is precisely what the indictment alleges.

The indictment charges at the outset that "[a]t all times relevant to this Indictment, . . . CRAIG KING, a/k/a "Oakie" . . . [was a] member[ ] and associate[ ] of the 1488 gang (collectively, the '1488s')" (Doc. 2 at paragraph 1). It further alleges, in each of the subsequent VICAR counts, that Mr. King undertook the alleged activity "for the purpose of gaining entrance to and maintaining and increasing position in the 1488s, an enterprise engaged in racketeering activity" (Doc. 2 at paragraphs 7, 9, 11, and 14). The indictment thus clearly alleges the "purpose" element sufficient to survive a motion to dismiss.

Notably, Mr. King's motion acknowledges the principal of law this conclusion naturally follows from. *See* Doc. 326 at 8 n.28 (citing *United States v. Todd*, 446, F.3d 1062, 1068 (10th Cir. 2006) ("the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense.")).

Nevertheless, King directs the Court's attention to a case from the Tenth Circuit, *United States v. Hall*, which held a district court may dismiss charges "where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination . . . that, *as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt." 20 F.3d 1084, 1088 (9th Cir. 1994).

*United States v. King*
3:19-cr-00026-TMB-DMS-5
Final R&R re: Motion to Dismiss    4
Case 3:19-cr-00026-TMB   Document 333   Filed 01/10/20   Page 4 of 9

King claims that the government is incapable of proving its case beyond a reasonable doubt because (1) "[n]one of the statements provided in discovery indicate that Craig King is, was, or ever has been a member of the 1488's as directly alleged in the indictment"; and (2) at a November 4, 2019 detention hearing AUSA Klugman twice stated, "to be clear, we are not alleging that Mr. King is a member of the 1488's" (Doc. 326 at 3). *See Hall*, 20 F.3d at 1088.

But *Hall* does not make King's case. First, unlike in *Hall*, it is not clear that the "operative facts" are undisputed. The government's statement at the November detention hearing was not a "stipulation" [2] (Doc. 326 at 6) to King's non-membership in the 1488s; nor was it admissible evidence. Second, the government's response in opposition calls into question whether King's potential membership is in fact operative to its legal theories (Doc. 327 at 5). Finally, the Tenth Circuit expressly limited its holding in *Hall*. The sentences quoted by the defense are immediately followed with this qualification: "however . . . such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception." *Hall*, 20 F.3d at 1088. *Hall* thus does not persuade this Court it should stray from the Ninth Circuits' established precedent that, when faced with a motion for dismissal, a trial court should not consider evidence outside

---

[2] stipulation, *n.* **1.** A material condition or requirement in an agreement; esp., a factual representation that is incorporated into a contract as a term. **2.** A voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding. *Black's Law Dictionary* (Garner, 10th ed. 2014).

*United States v. King*
3:19-cr-00026-TMB-DMS-5
Final R&R re: Motion to Dismiss  5
Case 3:19-cr-00026-TMB   Document 333   Filed 01/10/20   Page 5 of 9

the "four corners of the indictment." *See Boren*, 278 F.3d at 914; *Jensen*, 93 F.3d at 669.

Another case cited by the defense is *United States v. Jones*, 291 F.Supp.2d 78 (D. Conn. 2003). In *Jones*, a **trial court** granted the convicted defendant's motion for judgment of acquittal after finding the evidence was insufficient to show that the defendant's VICAR murder had been committed in furtherance of the defendant's membership in a VICAR enterprise. *Id.* at 87-92. In so finding, the court spent a great deal of time reweighing the trial evidence which showed a potentially personal purpose of the murder—specifically, that it was committed in retaliation for the victim's disrespectful conduct toward the defendant's girlfriend and the defendant himself. The court eventually concluded "the government's theory of VICAR motive essentially ignores the personal nature of [the victim's] allegedly disrespectful conduct," and instead "dramatically and impermissibly expands the breadth of its respect theory by asserting that the jury could infer [the defendant] perceived all acts of disrespect toward him, whether personal or Enterprise-related, through the prism of his position and membership in the enterprise." *Id.* at 92.

Such a conclusion would have been difficult, if not impossible, to reach before the government had presented all of its evidence at trial and placed it within the context of its theory of the case. The weighing of such evidence is "the province of [the jury,] the ultimate finder of fact." *See Nukida*, 8 F.3d at 669.

In this motion, the defense asks this Court to ignore the sufficiency of the indictment and weigh evidence whose value cannot reasonably be known until the

government has presented its case. The defense is correct (Doc. 326 at 6-7) that the indictment alleges members of the 1488 gang use Nazi-derived symbols to identify themselves and demonstrate their affiliation with the gang (Doc. 2 at 4) and prospective members must serve a prison term of at least fourteen months before gaining full membership[3] (Doc. 2 at 5). The defense may also be correct that Mr. King meets neither of these criteria of membership (Doc. 326 at 6). Critically, however, the indictment alleges that King undertook the acts charged by the VICAR counts "for the purpose of gaining entrance to and maintaining and increasing position in the 1488s, an enterprise engaged in racketeering activity" (Doc. 2 at paragraphs 7, 9, 11, and 14). This allegation is all that is required for the indictment to survive dismissal.

The factual question of King's membership in a VICAR enterprise, his desire, if any, to join the enterprise, or his desire to increase his standing with the enterprise, is best answered by a jury which has considered all of the government's evidence after it has been placed within the context of its theory of the case. *See Nukida*, 8 F.3d at 669. Mr. King may argue that the government's evidence of his membership in the 1488s is weak, but "the weakness of the Government's case is irrelevant to the sufficiency of the indictment." *United States v. Buckley*, 689 F.2d 893, 900 (9th Cir. 1982).

---

[3] It is significant to note, the indictment also provides, "[p]rospects were considered part of the 1488's family and entitled to the full protection of the gang," even without full membership (Doc. 2 at 5).

The government further argues in its opposition that King could be convicted of VICAR if it is established that he aided, abetted, commanded, induced or procured the commission of the offense in violation of 18 U.S.C. § 2. *See Rosemund v. United States,* 572 U.S. 65 (2014). On its face, the indictment does not allege King aided or abetted the commission of the offense or that his liability springs from the fact he entered a criminal conspiracy and so is liable for crimes foreseeably committed in furtherance of the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640 (1946).

However, the government is correct that these theories of liability do not have to be alleged in the indictment and that "all indictments for substantive offenses must be read as if the alternative provided in 18 U.S.C. § 2 were embodied in the indictment." *United States v. Gaskins,* 849 F.2d 454, 459 (9th Cir. 1988) (quoting *United States v. Megna,* 450 F.2d 511-12 (5th Cir. 1971). *See also United States v. Roselli,* 432 F.2d 879, 895 (9th Cir. 1970).

## IV. CONCLUSION

For the foregoing reasons, this Court recommends the District Court DENY the defendant's motion at Docket 325.

DATED at Anchorage, Alaska this 10th day of January, 2020.

                             */s/ Deborah M. Smith*
                             CHIEF U.S. MAGISTRATE JUDGE

Pursuant to Fed. R. Crim. P. 59(b)(2) and D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **CLOSE OF BUSINESS, January 24, 2020.** Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered by the District Court Judge who will then

accept, reject, or modify the recommendation following de novo review, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et. al*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. **Response(s) to the objections shall be filed on or before CLOSE OF BUSINESS January 31, 2020**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

*United States v. King*
3:19-cr-00026-TMB-DMS-5
Final R&R re: Motion to Dismiss 9
Case 3:19-cr-00026-TMB Document 333 Filed 01/10/20 Page 9 of 9