Cynthia A. Franklin
The Law Office of Bradly A. Carlson, L.L.C
645 G Street, Suite 100 #558
Anchorage, AK 99501
P: (907) 677-8111
F: 1-907-917-2015
Email: cindy@bcarlsonlaw.com

CJA Counsel for Defendant Craig King

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG KING,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:19-cr-00026-TMB-DMS<br><br>**OBJECTIONS TO INITIAL REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS** |

A period of excludable delay under 18 U.S.C. § 3161(h) will occur as a result of the filing of this motion and should be excluded from the computation of the 70-day time limit for trial under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv). The Speedy Trial Act calculation, as of the date of the filing of this motion, shows 63 days remaining from this date before trial must begin pursuant to the Speedy Trial Act.

COMES NOW, the Defendant Craig King ("Craig"), by and through his counsel of record, Cynthia Franklin of The Law Office of Bradly A. Carlson, L.L.C., and hereby files his objections to the Report and Recommendation to Deny Defendant's Motion to Dismiss.

I. The Government's Has Repeatedly Declared Lack of Proof as to Craig's VICAR Purpose

OBJECTIONS TO INITIAL REPORT
AND RECOMMENDATION TO DENY MOTION TO DISMISS *United States v. King*
Page 1 of 5                                                                    Case No.: 3:19-cr-00026-TMB-DMS

Case 3:19-cr-00026-TMB-DMS   Document 351   Filed 01/24/20   Page 1 of 5

The Government first laid out its theory of Craig's role in the VICAR counts in its opposition to Craig's Motion to Revoke Order of Detention. It stated in ECF No. 293 at page 3:

> "In 2016, King and his wife Felicia allowed a man named Michael Staton to stay with them. Staton was a member of the 1488s, a violent criminal enterprise created in the Alaska prison system. Staton and the Kings had a falling out when Staton stole property from the Kings, including drugs, jewelry, and King's "cut" – his leather Hells Angels motorcycle vest. King personally offered 1488s members drugs and money in exchange for bringing Staton to him so he could exact revenge. Members of the 1488s formed an agreement to kidnap Staton, assault him, and forcibly erase his 1488 patch (a tattoo on the right side of his torso). Filthy Fuhrer, an inmate at Spring Creek Correctional Center in Seward, Alaska, personally approved of this plan. King, in turn, actively solicited 1488 members to assist him in finding and apprehending Staton." ECF No. 293 at 3.

As referenced in Craig's Motion to Dismiss, the Government stated in open court that Craig was not a member of the 1488's. The Government also stated that they were not *alleging* that Craig was a member of the 1488's, in spite of the fact that the VICAR counts of Craig's indictment directly allege that he is and acted in that capacity. The Government reiterated their factual theory in its opposition to Craig's Motion to Sever. ECF No. 347 at page 5.

In that opposition, the Government went on to insist, as they have in the opposition to this motion, that proving that Craig is a 1488 is not necessary to prove him guilty of the four VICAR counts. It proposes to use vicarious liability theories to hold Craig Culpable of the charged offenses.

> "As the government has previously noted, King need not be a member or even an associate of the 1488's in order to be criminally liable for the VICAR counts. ECF No. 327 at 5-6. Thus, the defendant's forceful and repeated entreaties that he "has never been a member or associate of the 1488's, and has never qualified to be admitted to the 1488's or sought admission to the 1488's", ECF No. 330 at 6, are not controlling on the matter of his criminal liability on the VICAR counts. At trial, if the government proves beyond a reasonable doubt at trial that the defendant aided, abetted, commanded, induced, or procured the commission of those offenses, or that he entered a criminal conspiracy and that the crimes committed by co-conspirators were reasonably-foreseeable consequences of that conspiracy, the jury should find King guilty. ECF No. 333 at 8 (citing *Rosemund v. United States*, 572 U.S. 65 (2014); and *Pinkerton v. United States*, 328 U.S. 640 (1946))." ECF No. 347 at 20.

II.     The Government's Reliance on 18 U.S.C. § 2 for VICAR Counts is Misplaced

In its opposition, the Government stated:

> "Although not directly relevant to the motion to dismiss, it is worth noting that King's substantive legal argument appears to be based on the premise that in order to prove his guilt, the government will need to prove that he acted with an intent to gain or further *his own* position in the criminal enterprise. This premise is mistaken." ECF No. 327 at 5.

The Government's premise is mistaken. The Government asserts it can rely on aiding and abetting or conspiracy theories in 18 U.S.C. § 2 to prove the purpose element of Craig's VICAR charge. The authority cited by the Government is *Pinkerton v. United States*, 328 U.S. 640 (1946). The Government also cited *Rosemund v. United States*, 572 U.S. 65 (2014) and *United States v. Alvaraez-Valenzuela*, 231 F.3d 1198 (9th Cir. 2000). None of these cases were VICAR charges requiring proof of the individual defendant's gang membership as an element of the offense. That element is unique to a VICAR charge.

OBJECTIONS TO INITIAL REPORT
AND RECOMMENDATION TO DENY MOTION TO DISMISS               *United States v. King*
Page 3 of 5                                                 Case No.: 3:19-cr-00026-TMB-DMS

Case 3:19-cr-00026-TMB-DMS   Document 351   Filed 01/24/20   Page 3 of 5

The purpose element in a VICAR charge under 18 U.S.C. § 1959(a) must be proven as to the defendant's charged misconduct. The Ninth Circuit has identified four elements required for a conviction under this statute: "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendant[ ] committed a violent crime; and (4) that [the defendant] acted for the purpose of promoting [his] position in a racketeering enterprise." *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995); see also *United States v. Fernandez*, 388 F.3d 1199, 1220 (9th Cir. 2004).

In *United States v. Banks*, 514 F. 3d 959 (9th Cir. 2008), the Ninth Circuit discussed in detail the purpose element in VICAR charges and what the Government must prove. *Banks* stands for the principle that while the Government does not have to prove that gang membership was the sole purpose for the defendant's crime, "[i]t does require that his purpose be more than merely incidental: it must be within his "general" purpose, or, in the alternative, the violence committed must be in some way "integral" to the defendant's membership in the gang." The court reference five cases from other circuit courts regarding this issue, and other courts have revisited the legislative history to find the intent in the purpose element of VICAR charges. In *United States v. Concepcion*, 983 F.2d 369 (2d Cir. 1992), the court quoted the legislative history supporting that the violent conduct must be committed "as an integral aspect of membership' " in the gang. 983 F.2d at 381 (quoting S. Rep. No. 98-225, at 304, U.S. Cong.Code & Admin. News 1984, at p. 3483-84). *Banks* at 969.

OBJECTIONS TO INITIAL REPORT
AND RECOMMENDATION TO DENY MOTION TO DISMISS  *United States v. King*
Page 4 of 5  Case No.: 3:19-cr-00026-TMB-DMS

Case 3:19-cr-00026-TMB-DMS   Document 351   Filed 01/24/20   Page 4 of 5

The Government insists that it does not have to prove the purpose element in Craig's VICAR counts relying on 18 U.S.C. § 2 to replace its burden of proof that Craig is a 1488. This is not correct. The intent of the statute is to hold the individual committing violent acts to a greater punishment when he committed the acts for gang purposes. *Concepcion* at 381. The evidence is clear that Craig did not committee any acts for gang purposes.

III. Dismissal of VICAR Counts is Appropriate

The Government has openly admitted it cannot prove Craig's purpose element in the VICAR counts. This is the rare case referenced by *United States v. Hall,* 20 F.3d 1084, 1088 (9th Cir. 1994). The operative facts are undisputed. The government proposes to use an untenable legal theory, endorsed by the Magistrate's Recommendation, to convict Craig of VICAR without proving Craig had the requisite gang membership purpose. The VICAR charges against Craig should be dismissed.

Respectfully submitted this 24th day of January 2020.

/S/ Cynthia Franklin
645 G Street, Suite 100 #558
Anchorage, Alaska 99501
P: (907) 677-8111
F: 1-907-917-2075
Alaska Bar No. 0710057

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of January 2020, a true and accurate copy of the Motion has been caused to be served via electronic filing to the parties, including:

AUSA Andrew James Klugman
AUSA William Arthur Tayler

*/S/* Cynthia Franklin
Cynthia Franklin

OBJECTIONS TO INITIAL REPORT
AND RECOMMENDATION TO DENY MOTION TO DISMISS *United States v. King*
Page 5 of 5  Case No.: 3:19-cr-00026-TMB-DMS

Case 3:19-cr-00026-TMB-DMS   Document 351   Filed 01/24/20   Page 5 of 5